ROBERT WISNIEWSKI (RW-5308)
ROBERT WISNIEWSKI P.C.
Attorneys for Plaintiffs
225 Broadway, Suite 1020
New York, NY 10007
(212) 267-2101

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

MICHAL DAWIDOWICZ, on behalf of himself
and all others similarly situated,

                                  **Doc. No.:**

                        Plaintiffs,        **CLASS ACTION**
                                    **COMPLAINT**

           -against-

                                      **JURY TRIAL**
BLACK SQUARE BUILDERS CORP.,          **DEMANDED**
CHELSEA BUILDERS GROUP LLC.,
JAMES VALOUCH, and, JACEK SZEWCZYK

                      Defendants.

-------------------------------------------------------------------X

## COMPLAINT

1.     Plaintiff Michal Dawidowicz ("Dawidowicz" or "Plaintiff") on behalf of himself

and on behalf of all others similarly situated, by his attorneys, Robert Wisniewski

P.C., as and for his Complaint against Defendants Black Square Builders Corp.

("Black Square"), Chelsea Builders Group LLC. ("Chelsea Builders") (collectively,

the "Corporate Defendants"), James Valouch ("Valouch"), and Jacek Szewczyk

("Szewczyk") (collectively, the "Individual Defendants" ) (Corporate Defendants

and Individual Defendants are hereinafter collectively referred to as

"Defendants"); states as follows:

## NATURE OF THE ACTION

2.  Plaintiff, on behalf of himself and others similarly situated, (**Exhibit 1**) brings this action to recover unpaid wages, unpaid overtime wages, liquidated damages, costs, and reasonable attorneys' fees under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.) ("FLSA") and the various wage orders promulgated by the U.S. Department of Labor and codified in 29 C.F.R. § 500 et seq., as well as New York Labor Law Articles 6 and 19 ("New York Labor Law"), the New York State common law and various wage orders promulgated by the New York State Department of Labor and codified in 12 N.Y.C.R.R. §§ 137-146.

3.  The Individual Defendants were, at all times relevant herein, officers, shareholders, managers and/or majority owners of the Corporate Defendants, which provide services in the area of construction within the State of New York. Plaintiff has been employed by the Defendants as a laborer and driver, who regularly worked over 40 hours per week, but was not compensated properly for the hours he worked and for the overtime hours.

4.  Plaintiff and others similarly situated were employed by the Corporate Defendants and worked over 40 hours per week, but were not compensated properly for the hours they worked and for the overtime hours. Furthermore, Defendants made illegal deductions from Plaintiff's paycheck.

## PARTIES, JURISDICTION AND VENUE

5.  Plaintiff Dawidowicz, at all relevant times herein, was and is a resident of Queens County, New York.

6.  Defendant Black Square at all relevant times herein, was and is a domestic

business corporation duly organized under, and existing by virtue of, the laws of the State of New York, and having its principal place of business in Richmond County, New York.

7.   Defendant Chelsea Builders at all relevant times herein, was and is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York, and having its principal place of business in Richmond County, New York.

8.   The Individual Defendants were, at all times relevant herein, officers, directors, managers and/or majority shareholders of Corporate Defendants and as some of the ten largest shareholders, are individually responsible for unpaid wages under the New York Business Corporation Law **(Exhibit 2).**

9.   Upon information and belief, Defendant Valouch resides in Richmond County, New York.

10.   Upon information and belief, Defendant Szewczyk at all relevant times herein, was and is a resident of the State of New Jersey, Passaic County.

11.   This Court has personal jurisdiction over the Defendant Valouch and Corporate Defendants in that they are citizens or residents of the State of New York.

12.   This Court has personal jurisdiction over Defendant Szewczyk in that he regularly transacts a substantial amount of business in New York and contracts to supplies goods and services within the state, and derives substantial revenue therefrom.

13.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this action arises under 29 U.S.C. § 207 (FLSA); 28 U.S.C. §1337 (Regulation of Commerce). This Court has jurisdiction over Plaintiff's state law

claims pursuant to 28 U.S.C. § 1367, because those claims are related to Plaintiff's federal claims and form part of the same case or controversy.

14.     Defendants are engaged in an enterprise whose annual volume of sales made or business done is not less than $500,000.00, the activities of which affect interstate commerce in that the employees of Defendants handle, sell or otherwise work on goods or materials that have been moved in or produced for interstate commerce, and Defendants are thus employers subject to the jurisdiction of the FLSA.

15.     This Court is a proper venue for this action, pursuant to, among other grounds, 28 U.S.C. §1391(b) because substantial events giving rise to Plaintiff's claims occurred in this district.

## JURY DEMAND

16.     Plaintiff demands a trial by jury of all issues so triable in this action.

## FACTUAL BACKGROUND

### *Facts Relating to Plaintiff's Employment and Defendants' Overtime Violations*

17.     Corporate Defendants are in the construction business and primarily perform work in the State of New York.

18.     Defendant Black Square, at all relevant times herein, was and is a corporation duly organized under, and existing by virtue of, the laws of the State of New York and having its principal place of business at 393 Van Duzer Street, Staten Island, New York 10304.

19.     Defendant Chelsea Builders, at all relevant times herein, was and is a corporation duly organized under, and existing by virtue of, the laws of the State of New York

and having its principal place of business at 393 Van Duzer Street, Staten Island, New York 10304.

20. Upon information and belief, Defendant Valouch was and is an owner of Corporate Defendants, and supervised Plaintiff's work.

21. Upon information and belief, Defendant Szewczyk was and is a manager of Corporate Defendants, and supervised Plaintiff's work.

22. In or about the end of 2012, Plaintiff entered into an oral contract with Defendants whereby Plaintiff would perform duties as a laborer and driver for the Corporate Defendants in exchange for a specific hourly wage of $15.00 an hour.

23. Plaintiff earned $15.00 an hour for his work for Defendants until the beginning of 2013, when he received a raise and was paid $17.00 an hour. Plaintiff's hourly rate increased to $19.00 an hour, approximately one year later, which he was paid until he received a $1 raise in 2015. By the end of the Plaintiff's employment with the Defendants, Plaintiff was earning $20 an hour.

24. Plaintiff's employment with Corporate Defendants spanned from approximately, the end of 2012 through December 7, 2015.

25. Plaintiff worked for Defendants as a laborer from 2012 to the end of 2014, when he changed his position to a driver, which he held until December 2015. As a laborer, Plaintiff's regular job duties included performing the duties of a carpenter, painter, plaster man, among others. As a driver, his duties were delivering materials to the job sites.

26.    During Plaintiff's employment with Corporate Defendants, Plaintiff was to be paid bi-weekly in check for all the work performed and services rendered as a laborer and driver.

27.    Plaintiff's hours as a laborer were Monday through Friday, from 7:00 a.m. to 6:00 p.m. with an additional work day on Saturday, from 7:00 a..m. to 3:00 p.m.

28.    In total, the Plaintiff worked 63  hours as a laborer, for which Plaintiff was properly compensated. While the plaintiff was paid his regular rate for all hours he worked, Plaintiff did not receive the premium overtime rate for all the hours he worked over 40 hours.

29.    Following the Plaintiff's change to a driver position, Plaintiff regularly worked Monday through Friday, from 7:00 a.m. to 4:00 p.m.

30.    In total, the Plaintiff worked 45  hours as a driver, for which Plaintiff was not properly compensated. While the plaintiff was paid his regular rate for all hours worked, Plaintiff did not receive the premium overtime rate for all the hours he worked over 40 hours.

31.     Plaintiff regularly worked in excess of 40 hours per week, but was not at the proper overtime rate of 150% of his regular rate for hours over 40, as required under Federal and New York State law.

32.    Plaintiff and others similarly situated satisfactorily supplied labor in connection with, and in furtherance of, the work required by Corporate Defendants and in doing so, complied with the terms of his employment agreements with Corporate Defendants.

### *Facts Regarding Defendants' Unlawful Deductions*

33.　On occasion Plaintiff would receive a minor parking violation, for which Defendants deducted amounts to pay the fines for these tickets from the paycheck of Plaintiff.

34.　Plaintiff never agreed to this deduction in writing, nor does Plaintiff believe that it was for his benefit as an employee.

35.　Upon information and belief, Defendants made a similar deductions from other employees similarly situated to Plaintiff, none of whom agreed to such a deduction in writing.

36.　As such, these deductions were unlawful under FLSA and the New York Labor Law.

### *Defendants' Failure to Pay Proper Wages was Willful*

37.　Defendants were aware of the requirement to pay Plaintiff and others similarly situated for each hour worked and at a higher overtime premium of 150% of the regular rate for each hour worked in excess of 40 hours.

38.　Upon information and belief, the Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law and the FLSA by failing to maintain proper and complete payroll records.

39.　The Defendants have willfully and intentionally acted to violate the laws, rules, regulations, statutes and wage orders alleged herein, and by doing so and by virtue of their positions as shareholders, directors, officers and/or managers of Corporate Defendants, have assumed personal liability for the claims of the Plaintiff herein.

***Facts Regarding Individual Defendants' Status as Joint Employers***

40.     The Defendants had control over the conditions of Plaintiff's employment, his work schedule, the rates and methods of payment of his wages and the maintenance of his employment records.

41.     At all times relevant herein, the Defendants managed, handled, or were responsible for, the payroll and/or payroll calculations and signing or issuing checks to the Plaintiffs and others, or by virtue of their positions with Corporate Defendants were responsible for the proper management and handling of the payroll and payroll calculations of Corporate Defendants.

42.     At all relevant times, the Individual Defendants had operational control over Corporate Defendants.

43.     As a matter of economic reality, Individual Defendants and Corporate Defendants are joint employers of Plaintiff and others similarly situated and, as a result, the Individual Defendants and Corporate Defendants, individually and collectively, and jointly and severally, are liable for all claims made herein.

***Facts Regarding Corporate Defendants' Status as a Single Enterprise or as Joint Employers***

44.     Corporate Defendants engage in related activities,  namely the business of construction in the New York area.  The Corporate Defendants share Plaintiff and other similarly situated employees, act in the interest of each other with respect to employees, pay  their employees by the same method, share control over the employees, and are themselves under common control of the Individual Defendants.

45.     Each of the Corporate Defendants owns and operates a construction business. Both Corporate Defendants have one principal place of business located at 393 Van Duzer Street, Staten Island, New York 10304.

46.     Both Corporate Defendants are owned and managed by the Individual Defendants.

47.     Corporate Defendants are controlled by the same owners, or owner groups, operating as a unified operation and upon information and belief, each provide mutually supportive services to the substantial advantage of the other such that each entity is operationally interdependent of each other and therefore, must be treated as a single enterprise.

48.     Individual Defendants set up each Corporate Defendant as the putative legal entity with ownership of each business, but the operation of the Corporate Defendants as a single enterprise. Corporate Defendants share common ownership, operate out of the same location, exchange employees, and use the same equipment.

49.     Upon information and belief, Corporate Defendants are alter egos of each other, and as well as will be established at trial, for the purpose of the claims made by Plaintiffs herein, the Corporate Defendants have no separate legal existence from each other, and, as a result, all the Corporate Defendants individually and collectively, jointly and severally, are liable for all claims made herein.

50.     As a matter of economic reality, Corporate Defendants are joint employers of Plaintiff and others similarly situated and, as a result, Corporate Defendants, individually and collectively, and jointly and severally, are liable for all claims made herein.

51.     As a matter of economic reality, Individual Defendants and Corporate Defendants
        are joint employers of Plaintiff and others similarly situated and, as a result, the
        Individual Defendants and Corporate Defendants, individually and collectively,
        and jointly and severally, are liable for all claims made herein.

***Corporate Defendants are the Alter Egos of Individual Defendants***

52.     Upon information and belief, in conducting the affairs of Corporate Defendants,
        Individual Defendants failed to comply with the required corporate formalities,
        including recordkeeping, governance requirements, and other formalities.

53.     Upon information and belief, Individual Defendants used the assets of Corporate
        Defendants as their own, and otherwise commingled personal assets with the
        assets of Corporate Defendants.

54.     As alleged herein, Individual Defendants used Corporate Defendants in order to
        circumvent a statute or statutes, or accomplish other wrongful acts or in
        furtherance of other wrongful or inequitable purposes.

55.     Corporate Defendants are the alter-egos of Individual Defendants; and, as will be
        established at trial, for the purpose of the claims made by Plaintiff herein,
        Corporate Defendants have no separate legal existence from Individual
        Defendants.  As such, Corporate Defendants and Individual Defendants,
        individually and collectively, and jointly and severally, are liable for all claims
        made herein.

## CLASS ALLEGATIONS UNDER NEW YORK LAW

56.     Plaintiff brings this action on behalf of himself and all other persons who were or
        are employed by the Defendants but did not receive the compensation required by

-10-

New York Labor Law, the common law of the state of New York and the state wage orders codified in 12 N.Y.C.R.R. §§ 137-146 in respect to their work for Defendants.

57.    Upon information and belief, this class of persons consists of not less than one hundred (100) persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed. R. Civ. P. 23 (a)(1).

58.    There are questions of law and fact common to the class which predominate over any questions affecting only individual members, specifically: whether the employment of Plaintiff by the Defendants is subject to the jurisdiction and the wage and overtime requirements of the New York Labor Law, the common law of New York and the state wage orders codified in 12 N.Y.C.R.R. §§ 137-146.  Only the amount of individual damages sustained by each class member will vary.

59.    The claims of Plaintiff are typical of the claims of the above-described class in that all members of the class have been similarly affected by the acts and practices of the Defendants.

60.    Plaintiff will fairly and adequately protect the interests of the members of the class, in that their interests are not adverse to the interests of the other members of the class.

61.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy under the standards of Fed. R. Civ. P. 23 (b)(3).

62.    Plaintiff brings the first, second, third, fifth, and sixth claims for relief herein on behalf of himself individually and all person similarly situated as a class action

-11-

pursuant to Federal Rule of Civil Procedure 23, in respect to all claims that

Plaintiff, and all persons similarly situated, have against the Defendants as a result

of the Defendants' violations under the New York Labor Law, the common law of

the state of New York, and state wage orders codified in 12 N.Y.C.R.R. §§ 137-

146.

## COLLECTIVE ACTION ALLEGATIONS

63. Plaintiff brings this action on behalf of himself and all other persons who were or

are employed by the Defendants as laborers and drivers or other similar positions

but did not receive the compensation required by the FLSA and the federal wage

orders codified in 29 C.F.R. § 552 et. seq. in respect to their work for Defendants.

64. Upon information and belief, this class of persons consists of not less than one

hundred (100) persons.

65. There are questions of law and fact common to the class specifically whether the

employment of the Plaintiff by the Defendants is subject to the jurisdiction and the

wage and overtime requirements of the FLSA and the federal wage orders

codified in 29 C.F.R. § 552 et. seq. Only the amount of individual damages

sustained by each class member will vary.

66. Plaintiff and Defendants' other employees are similarly situated insofar as

Defendants instituted a policy not to pay Plaintiff and other employees proper

regular and overtime wages under the FLSA.

67. Plaintiff brings the third claim for relief herein on behalf of himself and all

persons similarly situated as a collective action pursuant to the FLSA, in respect

to all claims that Plaintiff and all persons similarly situated have against the

Defendants as a result of Defendants' violations under the FLSA and the federal

wage orders codified in 29 C.F.R. § 552 et. seq

## FIRST CLAIM FOR RELIEF
### (Breach of Contract against All Defendants)

68.   Plaintiff repeats and realleges each and every allegation as previously set forth.

69.   Plaintiff and others similarly situated agreed to perform work and services for the

Defendants as laborers and drivers and in similar job functions.

70.   Plaintiff and others similarly situated satisfactorily supplied labor in connection

with, and in furtherance of, the work required under their employment contracts

with the Defendants and in doing so, complied with the terms of their employment

agreements with the Defendants and were therefore entitled to wages they

rightfully earned while working for the Defendants.

71.   The Defendants failed or refused to pay Plaintiff and others similarly situated the

wages to which they were entitled under their employment agreements with the

Defendants.

72.   The Defendants' failure or refusal to pay the wages to which Plaintiff and others

similarly situated were entitled under their employment agreements with the

Defendants constituted breaches of Plaintiff's and others similarly situated's

employment agreements with the Defendants.

73.   That by virtue of the foregoing breach of contract by the Defendants, Plaintiff and

others similarly situated have been damaged in an amount to be proven at trial

based upon an accounting of the amount Plaintiff and all others similarly situated

should have been paid as contemplated by their employment agreements with the Defendants, less amounts actually paid to the Plaintiff and all others similarly situated together, with an award of interest, costs, disbursements, and attorneys' fees.

## SECOND CLAIM FOR RELIEF
### (N.Y. Labor Law against All Defendants)

74. Plaintiff repeats and realleges each and every allegation previously made herein.

75. Pursuant to the N.Y. Labor Law Articles 6 and 19, Labor Law § 198 and the wage orders issued under the N.Y. Labor Law at 12 N.Y.C.R.R. §§ 137-146, Plaintiff and others similarly situated were entitled to certain hourly minimum wages, overtime wages, and other wages, all of which the Defendants intentionally failed to pay in violation of such laws.

76. Wherefore Plaintiff and others similarly situated seek a judgment against the Defendants for all wages which should have been paid, but were not paid, pursuant to the New York Labor Law and the Wage Orders issued thereunder and the other provisions of the Labor Law; the total amount of such unpaid wages to be determined at trial upon an accounting of the hours worked by, and wages paid to, Plaintiff and others similarly situated, along with an award of attorneys' fees, interest and costs as provided under the New York Labor Law § 198 and § 663.

## THIRD CLAIM FOR RELIEF
### (Unlawful Deductions under New York Labor Law Section 193 against All Defendants)

77. Plaintiff repeats and realleges each and every allegation previously made as if fully set forth herein.

-14-

78.   Under Section 193 of the New York Labor Law, payroll deductions are permissible only if they are "expressly authorized in writing by the employee and are for the benefit of the employee," and prohibits an employer from requiring an employee to make any payments "by separate transaction unless such charge or payment is permitted as a deduction from wages . . ."

79.   Defendants made a unlawful deductions from the paychecks of Plaintiff and others similarly situated, without any explanation of its nature or purpose.

80.   Defendants further caused Plaintiff and others similarly situated to incur expenses related to their work which were solely for the benefit of Defendants.

81.   Neither Plaintiff nor others similarly situated ever agreed in writing to this deduction, and in fact Plaintiff questioned and complained about it frequently to Defendants.

82.   As a result of the foregoing, Plaintiff and others similarly situated have been damaged, and seek a judgment in an amount to be determined at trial, together with attorneys' fees, interests, and costs.

## FOURTH CLAIM FOR RELIEF
### (FLSA against All Defendants)

83.   Plaintiff repeats and realleges each and every allegation previously made herein.

84.   Plaintiff brings this claim for relief on behalf of himself and on behalf of others similarly situated  pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 206 and § 207, and the Wage Orders issued under the FLSA at 29 C.F.R. § 500 et seq. Plaintiff and others similarly situated were entitled to a minimum wage and

an overtime hourly wage of time and one-half their regular hourly wage for all hours worked in excess of forty hours per week.

85. Plaintiff and others similarly situated worked more than forty hours per week for the Defendants, and Defendants willfully failed to make said minimum wage and/or overtime payments.

86. Plaintiff and others similarly situated seek a judgment for unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to, Plaintiff and others similarly situated, and Plaintiff and others similarly situated also seek an award of liquidated damages, attorneys' fees, interest and costs as provided for by the FLSA.

## FIFTH CLAIM FOR RELIEF
### (Quantum Meruit against All Defendants)

87. Plaintiff repeats and realleges each and every allegation previously made herein.

88. Plaintiff and others similarly situated  performed work and services for Defendants.

89. Plaintiff and others similarly situated worked over forty (40) hours each week for the Defendants.

90. Plaintiff and others similarly situated had a reasonable expectation of payment for the hours they worked for Defendants, but Defendants failed to remunerate Plaintiff and others similarly situated for all the hours they worked  as well as overtime at the proper overtime rate of 150% of their regular rate or at the proper prevailing wage and/or overtime rate for the work performed for the Defendants.

91.     Plaintiff and others similarly situated were entitled to payment for the unpaid

hours they worked for the Defendants at a rate which constituted the reasonable

value of their services, which is the proper rates required to be paid to Plaintiff

and others similarly situated under various laws and Defendants' contractual

obligations, less amounts actually paid to Plaintiff and others similarly situated,

together with an award of interest, costs, disbursements, and attorneys' fees.

### SIXTH CLAIM FOR RELIEF
#### (Wage Statement Violation )

92.     Plaintiff repeats and reallaeges each and every allegation previously set forth.

93.     Pursuant to New York Labor Law §195, employers must provide an accurate

wage statement with each payment of wages. Wage statements must include,

among other information "the dates of work covered by that payment of wages;

name of employee; name of employer; address and phone number of employer;

rate or rates of pay and basis thereof," and, where applicable, the overtime rate of

pay.

94.     In violation of the NYLL, Defendants furnished Plaintiffs with wage statements

that did not show the employee's rate or rates of pay, the number of hours worked,

or record the proper pay rate for Plaintiff's overtime hours.

95.     Plaintiff and others similarly situated seek damages allowed by the statute.


[space left intentionally blank]


-17-

WHEREFORE, it is respectfully requested that the Court assume jurisdiction herein and thereafter Plaintiff demands a trial by jury and judgment against the Defendants as follows:

a.      Compensatory damages in an amount to be determined at trial, together with

        interest;

b.      Liquidated damages pursuant to the FLSA and NYLL

c.      Statutory damages

d.      Pre-judgment interest;

e.      Plaintiffs' costs and reasonable attorneys' fees;

Together with such other and further relief that the Court deems just.

Dated:  New York, New York
        December 29, 2015

                                ROBERT WISNIEWSKI P.C.


                                By: _____
                                Robert Wisniewski, Esq.
                                Attorneys for Plaintiffs
                                225 Broadway, Suite 1020
                                New York, New York  10007
                                (212) 267-2101

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY FOR SERVICES RENDERED

TO:    JAMES VALOUCH

         JACEK SZEWCZYK

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that MICHAL DAWIDOWICZ, intends to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of CHELSEA BUILDERS GROUP LLC., for all debts, wages and/or salaries due and owing to her as a laborer, servant and/or employee of the said corporations for services performed by her for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: New York, New York
December 22, 2015

ROBERT WISNIEWSKI P.C.

By: _____
Robert Wisniewski
Attorneys for Plaintiff
225 Broadway, Suite 1020
New York, New York 10007
(212) 267-2101

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY FOR SERVICES RENDERED

TO:    JAMES VALOUCH
       JACEK SZEWCZYK

    PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that MICHAL DAWIDOWICZ, intends to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of BLACK SQUARE BUILDERS CORP., for all debts, wages and/or salaries due and owing to her as a laborer, servant and/or employee of the said corporations for services performed by her for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

        Dated: New York, New York
            December 22, 2015

                    ROBERT WISNIEWSKI P.C.

                    By: _____
                      Robert Wisniewski
                      Attorneys for Plaintiff
                      225 Broadway, Suite 1020
                      New York, New York 10007
                      (212) 267-2101

## DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW

TO:    BLACK SQUARE BUILDERS CORP.
       165 Wright Street
       Staten Island, New York 10304

      PLEASE TAKE NOTICE, that MICHAL DAWIDOWICZ, as an employee of the above corporations who intends to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf,

      HEREBY DEMANDS the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and record of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

      Dated: New York, New York
           December 18, 2015

                   ROBERT WISNIEWSKI P.C.

                   By: _____
                      Robert Wisniewski
                      Attorneys for Plaintiff
                      225 Broadway, Suite 1020
                      New York, New York 10007
                      (212) 267-2101

## DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW

TO:    CHELSEA BUILDERS GROUP LLC.
       511 West 25th Street, Suite 509
       New York, New York 10001

   PLEASE TAKE NOTICE, that MICHAL DAWIDOWICZ, as an employee of the above corporations who intends to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf,

   HEREBY DEMANDS the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and record of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

   Dated: New York, New York
     December 18, 2015

        ROBERT WISNIEWSKI P.C.

     By: _____
       Robert Wisniewski
       Attorneys for Plaintiff
       225 Broadway, Suite 1020
       New York, New York 10007
       (212) 267-2101