UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MICHAL DAWIDOWICZ, on behalf of himself
and all others similarly situated,

                Plaintiffs,

       - against -

BLACK SQUARE BUILDERS CORP.,
CHELSEA BUILDERS GROUP LLC., JAMES
VALOUCH, and, JACEK SZEWCZYK,

                Defendants.
---------------------------------------------------------------X

**REPORT AND**
**RECOMMENDATION**

15 CV 7380 (FB) (CLP)

**POLLAK**, United States Magistrate Judge:

On December 29, 2015, Michal Dawidowicz ("plaintiff"), on behalf of himself and on behalf of all others similarly situated, commenced this action against Black Square Builders Corp. ("Black Square"), Chelsea Builders Group LLC ("Chelsea Builders"), James Valouch ("Valouch"), and Jacek Szewczyk ("Szewczyk") (collectively, "defendants"), alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

On February 3, 2016, without defendants having answered the Complaint, the Court received a letter from plaintiff Dawidowicz indicating that he wished to withdraw his claims against defendants. The letter was copied to plaintiff's counsel Robert Wisniewski, Esq. The undersigned held a conference on April 26, 2016, at which both plaintiff and plaintiff's counsel appeared to discuss the status of the case. Defendants failed to appear at the status conference, nor did they file any response to plaintiff's letter. Based on the status conference, the Court determined that defendants may have engaged in unlawful conduct.

On May 26, 2016, the Court conducted a conference at which both defendants and their

On May 26, 2016, the Court conducted a conference at which both defendants and their counsel were Ordered to and did appear. At that conference, plaintiff's counsel insisted that plaintiff had informed him that plaintiff had been threatened by defendants. However, plaintiff maintained that he had not been threatened by defendants and that the decision to withdraw his claims was of his own accord. The Court reserved decision as to whether to recommend to the Honorable Frederic Block that plaintiff's motion to withdraw his claims be granted.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that he was employed by defendants Black Square and Chelsea Builders (collectively, the "corporate defendants") as a laborer from late 2012 until late 2014, and then as a driver from late 2014 until December 2015. (Compl.[1] ¶¶ 22-25). He further claims that defendant Valouch was and is an owner of the corporate defendants and also supervised plaintiff, and that defendant Swewczyk was and is a manager of the corporate defendants and supervised plaintiff. (Id. ¶¶ 20, 21). Plaintiff alleges that he earned between $15.00 and $20.00 per hour during his employment and worked over 40 hours per week for the duration of his employment. (Id. ¶¶ 22-23, 27-30). He claims that, while he was properly compensated for his time as a laborer, he was not properly compensated while he was a driver because he did not receive overtime pay for hours worked in excess of 40 hours per week.[2] (Id. ¶¶ 28, 30, 31).

Additionally, plaintiff claims that: (1) defendants took unlawful deductions from his pay

---

[1] Citations to "Compl." refer to the Complaint, filed on December 29, 2015.

[2] The Court notes that, as to the period during which he was a laborer, plaintiff claims that he "did not receive the premium overtime rate for all the hours he worked over 40 hours," but the Complaint nevertheless states that "Plaintiff was properly compensated." (Compl. ¶ 28).

(id. ¶¶ 33-36); (2) defendants' failure to pay proper wages was willful (id. ¶¶ 37-39); (3) defendants Valouch and Swewczyk are joint employers of plaintiff under the FLSA and NYLL (id. ¶¶ 40-43); (4) the corporate defendants are joint employers under the FLSA and NYLL (id. ¶¶ 44-51); and (5) the corporate defendants are alter egos of Valouch and Swewczyk. (Id. ¶¶ 52-55). In the Complaint, plaintiff seeks to bring this action on behalf of those similarly situated to him as a collective action under the FLSA and as a class action under NYLL. (Id. ¶¶ 56, 63).

On February 1, 2016 and February 2, 2016, the time for each defendant to answer or otherwise respond to the Complaint expired.

On February 3, 2016, the Court received a letter from plaintiff, which was also sent to his counsel, stating that "Me Michal Dawidowicz want to dismiss the case against Black Sq Builders, Chelsa [sic] Builders, James Valouch and Jacek Szewczyk." (Pl.'s Ltr.[3]).

On April 26, 2016, the Court conducted a status conference at which defendants failed to appear. Plaintiff and plaintiff's counsel provided information to the undersigned indicating that defendants may have engaged in unlawful conduct. Specifically, it was alleged that defendants took certain actions that could be considered as a threat to the plaintiff to drop the case against them. (See 5/2/2016 Order[4] at 2).

In Cheeks v. Freeport Pancake House, Inc., the Second Circuit observed that the FLSA was designed to "remedy the evil of overwork by ensuring workers were adequately compensated for long hours, as well as by applying financial pressure on employers to reduce overtime." 796 F.3d 199, 206 (2d Cir. 2015). Mindful of the court's admonishment that "without judicial

---

[3]Citations to "Pl.'s Ltr." refer to plaintiff's letter, filed on February 3, 2016.

[4]Citations to "5/2/2016 Order" refer to this Court's Order, dated May 2, 2016.

oversight . . . employers may be more inclined to offer, and employees, even when represented by counsel, may be more inclined to accept, private settlements that ultimately are cheaper to the employer than compliance with the Act," the Court scheduled another conference for May 26, 2016. (Id. at 2-3 (quoting Cheeks v. Freeport Pancake House, Inc., 796 F.3d at 205-06)). The Court Ordered the parties, including defendants Valouch and Szewczyk and representatives of the corporate defendants, to appear. (Id. at 3).

On May 25, 2016, defendants' counsel filed notices of appearance, and on May 26, 2016, the Court conducted a status conference at which plaintiff, plaintiff's counsel (by telephone), defendant Valouch, defendant Szewczyk, and defendants' counsel appeared. Plaintiff's counsel explained that:

> Following the service of the [C]omplaint on the defendants, I received – my office received two phone calls from Mr. Dawidowicz in which he informed me that he felt the defendants were essentially threatening him. Specifically Mr. Dawidowicz advised that one of the individual defendants visited his mother and was making inquiries about Mr. Dawidowicz. And I advised plaintiff immediately to contact the police and file a report should this continue. Subsequently, Mr. Dawidowicz called me and told me that he was urgently going to Poland and he wished to withdraw this case.

(Tr.[5] at 3:19-4:5). Notwithstanding the fact that plaintiff's counsel explained to him that defendants had defaulted and that he could still proceed with the case even if he was in Poland, plaintiff still "insisted that the case be withdrawn." (Id. at 4:7-14). Accordingly, plaintiff's counsel expressed his belief that defendants either exerted improper influence over plaintiff or that the parties reached a settlement "under the table." (Id. at 5:6-8). Plaintiff's counsel further

---

[5]Citations to "Tr." refer to the transcript of the May 26, 2016 status conference.

indicated that he had learned that plaintiff had not, in fact, gone to Poland, and that he has apparently remained in the United States. (Id. at 5:12-17). Plaintiff, however, claimed that he told his counsel that he wanted to withdraw the case, he was not threatened, nor did he receive payment from defendants in return for his withdrawing the case. (Id. at 6:3-15).

Defendants' counsel characterized plaintiff's counsel's allegations as "complete fabrications" and stated that "[t]here was never a threat." (Id. at 6:24-25). She further stated that plaintiff did not accept any payment from defendants to settle the case. (Id. at 7:17-18).

Plaintiff's counsel reiterated that plaintiff "directly told my personnel that he had been threatened by the defendant . . . [s]pecifically by Mr. Szewczyk," and on another occasion that "Mr. Szewczyk had stopped by his mother's house and that was of great concern to Mr. Dawidowicz." (Id. at 8:7-17). Counsel explained that he thought it was "strange" that, after being told that plaintiff was threatened, plaintiff decided to withdraw his suit and said that he needed to go to Poland. (Id. at 8:21-25). During the conference, however, plaintiff stated that he only told his counsel that defendant Szewczyk had come to his mother's house but never used the word "threatened," and that he did not feel threatened. (Id. at 9:25-10:5). He insisted that it was his "right to withdraw the case," and that it is his right to "fire" his counsel. (Id. at 13:15-17).

The Court noted that the undersigned has presided over hundreds of cases brought under the FLSA and that this is not the first case in which there have been allegations that defendants pressured plaintiffs to withdraw their claims. (Id. at 14:20-23). The Court noted that it did not make sense as to why plaintiff would want to withdraw his claims after defendants had defaulted. (Id. at 14:24-15:10). Moreover, the undersigned stated:

> I take very seriously these allegations about employers threatening

5

>employees who bring Fair Labor Standard Act cases, and that's one
>of the reasons why the Court of Appeals has required us to
>determine the fairness of a settlement, because very, very often
>employers who have greater economic power than their employees,
>use that power to coerce plaintiffs to settle or resolve their claims
>at much less than what they are owed. And the federal policy is to
>try to prevent that use of economic power to be used against the
>laborers.

(Id. at 15:20-16:4). However, the Court noted that plaintiff has expressed a desire not to proceed with his case and that there was no direct proof, such as a writing or recorded conversation, that defendants did, in fact, threaten plaintiff. (Id. at 16:5-11). The Court also noted that plaintiff appeared to have fired his counsel from further representation in this action. (Id. at 16:12-13).

After discussing whether plaintiff's counsel would be in a position to proceed with a default judgment if the case were not dismissed, defendants' counsel claimed that defendant Valouch was never personally served with the Complaint. (Id. at 19:19-23). She further indicated that, if the case were to proceed, defendants would request that the default be vacated and that defendants be permitted to answer the Complaint. (Id. at 20:2-16). As to the issue of threats, defendants Valouch and Szewczyk each testified under oath that they had not threatened plaintiff and had not paid a sum of money to plaintiff in return for his agreeing to withdraw his claims. (Id. at 20:25-23:14).

In closing, plaintiff's counsel expressed his belief that he had "discharged [his] duty to [his] client," that he "just brought to [the undersigned] the issues that had transpired that raised very substantial questions," and that he thought he and the Court "have done everything we could under the circumstances to protect Mr. Dawidowicz and his claims against the defendants." (Id. at 23:19-25).

The Court reserved decision.

## DISCUSSION

Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure provides that, subject to Rules 23(e), 23.1(c), 23.2, and 66, and "any applicable federal statute," a plaintiff may dismiss an action without prejudice by filing a notice of dismissal with the Court before the opposing party either answers the complaint or moves for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). Except as otherwise provided by the provisions enumerated above, no court approval is required for a voluntary dismissal under this Rule. See, e.g., Freund v. Weinstein, No. 08 CV 1469, 2016 WL 3945337, at *1 (E.D.N.Y. July 19, 2016) (granting dismissal without prejudice of claims to which no answer or motion for summary judgment had been filed, based solely on plaintiff's filing of a notice of voluntary dismissal). Unless the notice of dismissal states otherwise, a dismissal pursuant to Rule 41(a) is without prejudice. Fed. R. Civ. P. 41(a)(1)(B). Accordingly, because plaintiff did not request that the dismissal be with prejudice, the dismissal he seeks would be without prejudice.

The Second Circuit recently clarified that judicial approval is required to effectuate the settlement of a plaintiff's claims under the FLSA. See Cheeks v. Freeport Pancake House, Inc., 796 F.3d at 206. In considering whether to approve an FLSA settlement, courts consider whether the agreement "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." Tillman v. Luray's Travel, No. 14 CV 105, 2015 WL 7313867, at *1 (E.D.N.Y. Nov. 20, 2015) (quoting Mosquera v. Masada Auto Sales, Ltd., No. 09 CV 4925, 2011 WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011)).

The court in Cheeks left open the "question of whether parties may settle [FLSA] cases without court approval . . . by entering into a Rule 41(a)(1)(A) stipulation without prejudice." Cheeks v. Freeport Pancake House, Inc., 796 F.3d at 201 n.2. While it appears that a court may review a dismissal of claims brought under the FLSA without prejudice, see also Lopez v. 41-06 Bell Blvd. Bakery LLC, No. 15 CV 6953, 2016 WL 6156199, at *1 (E.D.N.Y. Oct. 3, 2016) (explaining that "[a]lthough Cheeks does not require judicial review when a settlement dismisses a case without prejudice, Cheeks also does not preclude such review") (citing Cheeks v. Freeport Pancake House, Inc., 796 F.2d at 201 n.2), report and recommendation adopted, 2016 WL 6208481 (E.D.N.Y. Oct. 21, 2016), no court in this district appears to have answered the question of whether a voluntary dismissal without prejudice in an FLSA case requires Court approval. In the Southern District of New York, one court has held that no such approval is required. See Reynoso v. Norman's Cay Grp. No. 15 CV 1352, 2015 WL 10098595, at *2 (S.D.N.Y. Nov. 23, 2015) (denying settlement approval of claims filed under the FLSA and noting that, if the parties wished to proceed without obtaining court approval, "[t]he parties may stipulate to a dismissal of this case without prejudice, as such settlements do not require Court approval") (citing Cheeks v. Freeport Pancake House, Inc., 796 F.3d at 201 n.2).

Plaintiff's counsel represented to the Court at the April 26, 2016 hearing that plaintiff may have been threatened by defendants in order to persuade plaintiff to withdraw his claims, or that plaintiff may have reached a monetary settlement with defendants. Taking these allegations seriously, the Court scheduled the May 26, 2016 hearing. At the hearing, plaintiff denied that he had been threatened by any defendant. (Tr. at 6:3-15; 9:25-10:5). He also denied having received any compensation from defendants in return for the dismissal of his claims. (Id. at 6:3-

8

15). Additionally, defendants' counsel represented and defendants themselves testified that they did not threaten or otherwise coerce plaintiff to withdraw his claims. (Id. at 6:24-25; 7:17-18; 20:25-23:14). Plaintiff reiterated his desire to withdraw his claims. (Id. at 13:15-17).

As the undersigned expressed at the hearing, this Court takes seriously allegations about employers threatening employees who bring claims under the FLSA. However, the Court was not provided with any direct proof that defendants have threatened plaintiff, and indeed, all parties denied such threats. Moreover, in light of the fact that plaintiff has expressed a desire not to proceed with his claims and to terminate his counsel's representation, the Court does not see how the case can proceed. Plaintiff's rights are protected somewhat by the fact that any dismissal would be without prejudice. If plaintiff has a change of heart and wishes to reinstate his claims, he will be able to do.

CONCLUSION

In light of the foregoing, given that the withdrawal is without prejudice, that the court in Cheeks explicitly reserved decision regarding whether a dismissal without prejudice requires fairness approval, and that the Court has not been provided with concrete evidence that plaintiff has either been coerced into withdrawing his claims or received compensation in return for a dismissal of plaintiff's claims, the Court respectfully recommends that plaintiff's motion to voluntarily dismiss his claims without prejudice be granted.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. Section 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
November 8, 2016

/s/ Cheryl Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York